**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is only binding on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3278-14T1

JARROD KAUFMAN, RACHEL KAUFMAN,
WILLIAM QUICK and NANCY QUICK,
on behalf of themselves and all
others similarly situated,

    Plaintiffs-Appellants,

v.

LUMBER LIQUIDATORS, INC. and
ROBERT M. LYNCH,

    Defendants-Respondents.

_____

Argued September 21, 2016 — Decided August 22, 2017

Before Judges Fuentes, Simonelli and Carroll.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5358-14.

Andrew R. Wolf argued the cause for appellants (The Wolf Law Firm, LLC, attorneys; Mr. Wolf, Matthew S. Oorbeek, Henry P. Wolfe, Andrew W. Li and Daniel I. Rubin, on the briefs).

Brian E. O'Donnell argued the cause for respondents (Riker Danzig Scherer Hyland & Perretti, LLP, attorneys; Mr. O'Donnell, Michael P. O'Mullan, Jeffrey M. Beyer and Casey A. Boyle, of counsel and on the brief).

Gavin J. Rooney argued the cause for amicus curiae The New Jersey Civil Justice Institute and Chamber of Commerce of the United States of America (Lowenstein Sandler, LLP, attorneys; Mr. Rooney and Naomi D. Barrowclough, on the brief).

PER CURIAM

Plaintiffs Jarrod and Rachel Kaufman and William and Nancy Quick are two sets of consumers who filed a putative class action suit against defendant Lumber Liquidators, Inc. and its Chief Executive Officer, Robert M. Lynch. In their complaint, plaintiffs alleged they purchased "wood flooring and associated merchandise" from Lumber Liquidators "several times from August 29, 2012 through October 20, 2012." The sales invoices defendants provided did not contain language promising plaintiffs that "the merchandise" they ordered would be delivered by a specific date. (Emphasis added).

Plaintiffs claimed Lumber Liquidators' failure to include the precise "delivery date" language on its sales invoices violated the Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18; the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20; and the Delivery of Household Furniture and Furnishings Regulations, N.J.A.C. 13:45A-5.1 to -5.4. Plaintiffs do not allege defects or deficiencies in the products they received. In fact, they suffered no actual damages. They seek only statutory civil penalties in the amount of $100 for each

alleged violation of the TCCWNA and reasonable attorney's fees pursuant to N.J.S.A. 56:12-17.

The Law Division granted defendants' motion to dismiss plaintiffs' complaint as a matter of law for failure to state a claim upon which relief can be granted. See R. 4:6-2(e). The dispositive issue is whether the hardwood flooring plaintiffs purchased from Lumber Liquidators constitutes "household furniture" under N.J.A.C. 13:45A-5.1(d), which provides as follows: "For purposes of this rule, 'household furniture' includes, but is not limited to, furniture, major electrical appliances, and such items as carpets and draperies."

Applying the well-settled standards established by the Supreme Court in Printing-Mart Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989), Judge Andrea G. Carter concluded "a plain reading" of N.J.A.C. 13:45A-5.1(d) shows the term "household furniture" does not include hardwood flooring. Judge Carter found no reason to include non-moveable improvements to real property, such as hardwood flooring or wall-to-wall carpeting, in the regulatory definition of "household furniture."

Plaintiffs argue Judge Carter erred in adopting such a narrow reading of the regulation. Defendants urge us to uphold Judge Carter's analysis and ultimate conclusion. The New Jersey Civil Justice Institute and the United States Chamber of Commerce filed

3                                              A-3278-14T1

a joint brief as amici curiae, urging us to use this case as an opportunity to adopt "a rigorous standard" for defining what constitutes a "clearly established legal right of a consumer" under the TCCWNA. See N.J.S.A. 56:12-15.

We agree with Judge Carter's analysis and affirm. The long-established canon of ejusdem generis provides that "'where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'" Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 584 (2012) (quoting Massachi v. City of Newark Police Dep't, 415 N.J. Super. 518, 543—44 (App. Div. 2010)). The objects provided to illustrate the limits of the regulation's reach clearly exclude items such as hardwood floors, which, as Judge Carter noted, constitute permanent improvements to property. When "the plain language yields the meaning of the statute [or regulation], then our task is complete." State v. Williams, 218 N.J. 576, 586 (2014) (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)).

We thus affirm substantially for the reasons expressed by Judge Carter in her oral opinion delivered from the bench on February 20, 2015. In this light, we decline Amici Curiae's invitation to go beyond the four corners of plaintiffs' pleading

to resolve the straightforward dispositive legal question presented here.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION